Scott C. Hilton (12554)
R. Jeremy Adamson (12818)
Nien-Ping Wang (15035)
KUNZLER LAW GROUP, PC
50 West Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
Facsimile: (801) 531-1929
scott.hilton@kunzlerlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE JOINT SUGAR HOUSE LLC<br><br>Plaintiff<br><br>v.<br><br>I4 SOLUTIONS INC.,<br>Brandon Anderson, and<br>Michael Rivera<br><br>Defendants | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY DEMAND**<br><br>Civil No. **2-16-cv-00151-JNP**<br><br>Hon. **Jill N. Parrish** |

Plaintiff THE JOINT SUGAR HOUSE LLC ("The Joint") complains against I4 SOLUTIONS INC. ("I4"), Brandon Anderson, and Michael Rivera ("Defendants") and seeks judgment and other relief.  The Joint alleges the following:

1

## PARTIES

1. Plaintiff The Joint is a Utah limited liability company, with a principal place of business at 1126 E. 2100 S., Salt Lake City, Utah 84106.

2. Upon information and belief, Defendant I4 is a Utah corporation with its principal place of business at 707 W. 700 S., Ste. 201, Woods Cross, Utah 84087, doing business as ROCKET WEB DESIGN.

3. Upon information and belief, Defendant Brandon Anderson is a resident of Utah and an owner and/or officer of Defendant I4.

4. Upon information and belief, Defendant Michael Rivera is a resident of Utah and an owner and/or officer of Defendant I4.

## JURISDICTION AND VENUE

5. This is an action for copyright infringement. This Court has subject matter jurisdiction of the copyright infringement claim under 28 U.S.C. § 1331 as this claim arises under 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Defendants based upon Defendants' places of business and residence, contacts, and activities within this judicial district.

7. Venue is proper under 28 U.S.C. § 1391 because (1) Defendants reside in this judicial district; and (2) a substantial part of the events giving rise to the claims occurred here.

## GENERAL ALLEGATIONS

8. Plaintiff The Joint is a franchisee of The Joint Corp., offering chiropractic services at two clinics, one in Cottonwood Heights, Utah and one in Sugar House, Utah, and both

clinics staffed with licensed chiropractors and offering membership plans and packages without the need for insurance, with no-appointment policies.

9. In order to educate and entertain its patients, Plaintiff wrote and published a series of articles at http://thejointcottonwood.blogspot.com and http://thejointsugarhouse.blogspot.com. Exs. A-G.

10. On January 5, 2015, Plaintiff first published an article entitled "New Year's Resolutions in Utah with Your Chiropractor" for which Plaintiff received U.S. Copyright Registration Number TX 8-093-245. Ex. A.

11. On January 6, 2015, Plaintiff first published an article entitled "Tips to keep your New Year's Resolutions" for which Plaintiff received U.S. Copyright Registration Number TX 8-093-241. Ex. B.

12. On January 27, 2015, Plaintiff first published an article entitled "Can a Frozen Shoulder Thaw Out?" for which Plaintiff received U.S. Copyright Registration Number TX 8-127-795. Ex. C.

13. On January 27, 2015, Plaintiff first published an article entitled "Do Salt Lake City Chiropractors have bad backs?" for which Plaintiff received U.S. Copyright Registration Number TX 8-127-798. Ex. D.

14. On February 2, 2015, Plaintiff first published an article entitled "Why world class athletes seek chiropractic care" for which Plaintiff received U.S. Copyright Registration Number TX 8-131-426. Ex. E.

15. On February 16, 2015, Plaintiff first published an article entitled "February is Heart Month" for which Plaintiff received U.S. Copyright Registration Number TX 8-131-419. Ex. F.

16. On February 16, 2015, Plaintiff first published an article entitled "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" for which Plaintiff received U.S. Copyright Registration Number TX 8-131-425.  Ex. G.

17. Plaintiff applied for each of U.S. Copyright Registration Numbers TX 8-093-245, TX 8-093-241, TX 8-127-795, TX 8-127-798, TX 8-131-426, TX 8-131-419, and TX 8-131-425 within three months after the first publication of the associated works (collectively "Articles").

18. On or around August 20, 2013, Defendant I4 entered into a written web site order agreement with Plaintiff in which I4 agreed to develop and design a web site for Plaintiff ("the Site"), including an ownership or work for hire provision granting Plaintiff ownership of the Site as long as all payments were made in full, all of which payments Plaintiff made to Defendant I4.

19. On or around September 30, 2013, Defendants neglected to set agreed upon geographic targeting limitations for Plaintiff's internet advertising, costing Plaintiff at least $1,000 in a single day.

20. On or around October 31, 2013, Defendants completed and launched the Site as a work for hire for Plaintiff, at www.saltlakecitychiropractor-thejoint.com.

21. At Plaintiff's request, Defendants included Plaintiff's articles from http://thejointcottonwood.blogspot.com and http://thejointsugarhouse.blogspot.com on the Site, as well as other content from Plaintiff.

22.     Plaintiff received U.S. Copyright Registration Number TX 8-138-194 for certain pages of the Site.  Ex. H.

23.     On or around February 5, 2014, Plaintiff requested a copy of the files associated with the Site from Defendants but did not receive it.

24.     While browsing the internet on or around March 15, 2015, Plaintiff's owner Mr. James Adelman discovered a competitor's website at http://www.chiropractoramericanfork.com (Competitor's Site) which was identical in appearance to the Site, including identical copies of Plaintiff's articles.  Ex. I.

25.     Defendants had willfully and intentionally copied the Site wholesale from Plaintiff, selling it to Plaintiff's direct competitor without license or authorization from Plaintiff, including Plaintiff's Articles.  *Id*.

26.     Defendants were aware of Plaintiff's ownership of the Articles and the Site and had access to them, as Plaintiff had discussed the Articles on several occasions with both Defendant Brandon Anderson and Defendant Michael Rivera, and Defendants had built and hosted the Site as a work for hire for Plaintiff, including adding authorized copies of Plaintiff's Articles to Plaintiff's Site.

27.     Defendants copied Plaintiff's Articles and substantially all of the Site literally on the Competitor's Site, copying the text and images of the Articles verbatim and in their entirety.

28.     Immediately, that same day, Mr. James Adelman contacted Defendants by email, on behalf of Plaintiff, reporting Defendants' unauthorized copying of the Site and the Articles.

29. Three days later, on March 18, 2015, Plaintiff received an email from Defendant Brandon Anderson admitting wrongdoing, "apologiz[ing] profusely", and stating that Defendants had "egg on [their] face."

30. Despite Defendants' admission and apology, no further action was taken by Defendants to remedy the copying and on April 8, 2015, Plaintiff, through counsel, sent Defendants a letter requesting that the infringing content on the Competitor's Site be taken down and that the Site be transferred to another provider for hosting.

31. Defendants did not provide any response to the April 8, 2015 letter, so on July 29, 2015, Plaintiff sent an additional letter to Defendants, through counsel, notifying Defendants that since Defendants' copying had continued, that Plaintiff had applied to register copyrights for the Articles within three months of their publication and for the Site, and again requested that Defendants transfer the Site to another provider.

32. On or around September 29, 2015, Plaintiff contracted with a third party vendor, Loken Solutions, to transfer the Site from Defendants to another provider, at Plaintiff's own expense.

33. Defendants, however, employed a proprietary platform for the Site, causing Plaintiff to lose access to the backend dashboard for the transferred Site and preventing Plaintiff from changing the transferred Site or adding content to the transferred Site.

34. At some point, Defendants did remove the competitor's Site from public availability on the internet.  However, the removal, on information and belief, was due to an accounting issue, as http://www.chiropractoramericanfork.com now requests that the competitor contact Defendant I4 about their hosting account at the email address accounting@i4.net.

6

35. Defendants' copying of Plaintiff's Articles and Site have caused Plaintiff lost sales and associated profit, loss in internet and search engine leads, loss in search engine rankings for various terms including "CHIROPRACTOR SALT LAKE CITY," as well as other actual damages.

36. While Defendants' copying of Plaintiff's Articles and Site damaged Plaintiff, on information and belief, Defendants profited from their copying, being paid by Plaintiff's competitor to copy Plaintiff's Articles and Site.

## COUNT I
### Copyright Infringement of U.S. Copyright Reg. No. TX 8-093-245 - 17 U.S.C. § 101 et seq.
**(Against All Defendants)**

37. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

38. Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "New Year's Resolutions in Utah with Your Chiropractor" registered as United States Copyright Registration Number TX 8-093-245.  Ex. A.

39. Plaintiff has the exclusive rights under the Copyright Act to reproduce the "New Year's Resolutions in Utah with Your Chiropractor" article and to distribute it to the public.

40. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "New Year's Resolutions in Utah with Your Chiropractor" article to the public. Ex. I, 1.

41. Defendants' acts of infringement in copying the "New Year's Resolutions in Utah with Your Chiropractor" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

42. As a result of Defendants' infringement of Plaintiff's copyright in the "New Year's Resolutions in Utah with Your Chiropractor" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

43. Since Defendants were aware of Plaintiff's rights in the "New Year's Resolutions in Utah with Your Chiropractor" article prior to their infringement, Plaintiff reserves the right to elect statutory damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

44. As a direct and proximate result of Defendants' infringement of the "New Year's Resolutions in Utah with Your Chiropractor" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm.  Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

**COUNT II**
**Copyright Infringement of U.S. Copyright Reg. No. TX 8-093-241 - 17 U.S.C. § 101 et seq.**
**(Against All Defendants)**

45. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

46.     Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "Tips to keep your New Year's Resolutions" registered as United States Copyright Registration Number TX 8-093-241.  Ex. B.

47.     Plaintiff has the exclusive rights under the Copyright Act to reproduce the "Tips to keep your New Year's Resolutions" article and to distribute it to the public.

48.     Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "Tips to keep your New Year's Resolutions" article to the public.  Ex. I, 2.

49.     Defendants' acts of infringement in copying the "Tips to keep your New Year's Resolutions" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

50.     As a result of Defendants' infringement of Plaintiff's copyright in the "Tips to keep your New Year's Resolutions" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

51.     Since Defendants were aware of Plaintiff's rights in the "Tips to keep your New Year's Resolutions" article prior to their infringement, Plaintiff reserves the right to elect statutory damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

52.     As a direct and proximate result of Defendants' infringement of the "Tips to keep your New Year's Resolutions" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm.  Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C.

§§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

**COUNT III**
**Copyright Infringement of U.S. Copyright Reg. No. TX 8-127-795 - 17 U.S.C. § 101 et seq.**
**(Against All Defendants)**

53. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

54. Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "Can a Frozen Shoulder Thaw Out?" registered as United States Copyright Registration Number TX 8-127-795. Ex. C.

55. Plaintiff has the exclusive rights under the Copyright Act to reproduce the "Can a Frozen Shoulder Thaw Out?" article and to distribute it to the public.

56. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "Can a Frozen Shoulder Thaw Out?" article to the public. Ex. I, 3.

57. Defendants' acts of infringement in copying the "Can a Frozen Shoulder Thaw Out?" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

58. As a result of Defendants' infringement of Plaintiff's copyright in the "Can a Frozen Shoulder Thaw Out?" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

59. Since Defendants were aware of Plaintiff's rights in the "Can a Frozen Shoulder Thaw Out?" article prior to their infringement, Plaintiff reserves the right to elect statutory

damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

60.     As a direct and proximate result of Defendants' infringement of the "Can a Frozen Shoulder Thaw Out?" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

## COUNT IV
### Copyright Infringement of U.S. Copyright Reg. No. TX 8-127-798 - 17 U.S.C. § 101 et seq.
**(Against All Defendants)**

61.     All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

62.     Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "Do Salt Lake City Chiropractors have bad backs?" registered as United States Copyright Registration Number TX 8-127-798.  Ex. D.

63.     Plaintiff has the exclusive rights under the Copyright Act to reproduce the "Do Salt Lake City Chiropractors have bad backs?" article and to distribute it to the public.

64.     Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "Do Salt Lake City Chiropractors have bad backs?" article to the public.  Ex. I, 4.

65.     Defendants' acts of infringement in copying the "Do Salt Lake City Chiropractors have bad backs?" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

66. As a result of Defendants' infringement of Plaintiff's copyright in the "Do Salt Lake City Chiropractors have bad backs?" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

67. Since Defendants were aware of Plaintiff's rights in the "Do Salt Lake City Chiropractors have bad backs?" article prior to their infringement, Plaintiff reserves the right to elect statutory damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

68. As a direct and proximate result of Defendants' infringement of the "Do Salt Lake City Chiropractors have bad backs?" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

### COUNT V
**Copyright Infringement of U.S. Copyright Reg. No. TX 8-131-426 - 17 U.S.C. § 101 et seq.**
**(Against All Defendants)**

69. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

70. Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "Why world class athletes seek chiropractic care" registered as United States Copyright Registration Number TX 8-131-426. Ex. E.

71. Plaintiff has the exclusive rights under the Copyright Act to reproduce the "Why world class athletes seek chiropractic care" article and to distribute it to the public.

72. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "Why world class athletes seek chiropractic care" article to the public. Ex. I, 5.

73. Defendants' acts of infringement in copying the "Why world class athletes seek chiropractic care" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

74. As a result of Defendants' infringement of Plaintiff's copyright in the "Why world class athletes seek chiropractic care" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

75. Since Defendants were aware of Plaintiff's rights in the "Why world class athletes seek chiropractic care" article prior to their infringement, Plaintiff reserves the right to elect statutory damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

76. As a direct and proximate result of Defendants' infringement of the "Why world class athletes seek chiropractic care" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

## COUNT VI
### Copyright Infringement of U.S. Copyright Reg. No. TX 8-131-419 - 17 U.S.C. § 101 et seq.
**(Against All Defendants)**

77. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

78. Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "February is Heart Month" registered as United States Copyright Registration Number TX 8-131-419.  Ex. F.

79. Plaintiff has the exclusive rights under the Copyright Act to reproduce the "February is Heart Month" article and to distribute it to the public.

80. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "February is Heart Month" article to the public.  Ex. I, 6.

81. Defendants' acts of infringement in copying the "February is Heart Month" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

82. As a result of Defendants' infringement of Plaintiff's copyright in the "February is Heart Month" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

83. Since Defendants were aware of Plaintiff's rights in the "February is Heart Month" article prior to their infringement, Plaintiff reserves the right to elect statutory damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

84. As a direct and proximate result of Defendants' infringement of the "February is Heart Month" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

**COUNT VII**
**Copyright Infringement of U.S. Copyright Reg. No. TX 8-131-425 - 17 U.S.C. § 101 et seq.**
**(Against All Defendants)**

85. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

86. Plaintiff is, and at all relevant times has been, the copyright owner of the article entitled "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" registered as United States Copyright Registration Number TX 8-131-425. Ex. G.

87. Plaintiff has the exclusive rights under the Copyright Act to reproduce the "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" article and to distribute it to the public.

88. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" article to the public. Ex. I, 7.

89. Defendants' acts of infringement in copying the "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" article were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

15

90. As a result of Defendants' infringement of Plaintiff's copyright in the "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" article and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

91. Since Defendants were aware of Plaintiff's rights in the "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" article prior to their infringement, Plaintiff reserves the right to elect statutory damages for this count of infringement of not more than $150,000 under 17 U.S.C. § 504(c)(2) at a later date if it so chooses.

92. As a direct and proximate result of Defendants' infringement of the "Enjoy the Warm Weather in Utah – Prevent Injuries with Chiropractic Care" article, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm.  Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

### COUNT IIX
### Copyright Infringement of U.S. Copyright Reg. No. TX 8-138-194 - 17 U.S.C. § 101 et seq.
**(Against All Defendants)**

93. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

94. Plaintiff is, and at all relevant times has been, the copyright owner of the Site, pages of which are registered as United States Copyright Registration Number TX 8-138-194. Ex. G.

95. Plaintiff has the exclusive rights under the Copyright Act to reproduce the Site and to distribute it to the public.

96. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the Site. Ex. I, 8-19.

97. Defendants' acts of infringement in copying the Site were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

98. As a result of Defendants' infringement of Plaintiff's copyright in the Site and other exclusive rights under the Copyright Act, Plaintiff is entitled to recover its damages from Defendants' infringement as well as all of Defendants' profits attributable to their infringement under 17 U.S.C. § 504(b).

99. As a direct and proximate result of Defendants' infringement of the Site, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Plaintiff is entitled to all available and applicable remedies provided for in 17 U.S.C. §§ 502-505, including preliminary and permanent injunctive relief, Defendants' profits, costs, and associated attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Court for judgment and relief as follows:

a. Judgment in favor of Plaintiff finding that Defendants are liable for eight counts of Copyright Infringement.

b. Judgment in favor of Plaintiff finding that Defendants must pay Plaintiff money damages in an amount to be determined at trial, Defendants' profits, enhanced

       damages, punitive damages, exemplary damages, attorneys' fees, and costs; and/or, at Plaintiff's future election, statutory damages of not more than $150,000 per count of copyright infringement under 17 U.S.C. § 504(c)(2).

    c.  Injunctive relief ordering Defendants to refrain from further infringing Plaintiff's copyrights.

    d.  An accounting for an award of any and all ascertainable damages, to be determined at trial, related to the unlawful acts of the Defendants.

    e.  For such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable by a jury in this action.

Respectfully submitted,

Date: February 24, 2016    /s/ Scott C. Hilton

Scott C. Hilton
R. Jeremy Adamson
Nien-Ping Wang
KUNZLER LAW GROUP, PC
50 West Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
Facsimile: (801) 531-1929
scott.hilton@kunzlerlaw.com