IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE JOINT SUGAR HOUSE, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>I4 SOLUTIONS, a Utah corporation; BRANDON ANDERSON, an individual; and MICHAEL RIVERA, an individual,<br><br>Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:16-cv-00151<br><br>United States District Court Judge Jill Parrish<br><br>Magistrate Judge Dustin Pead |

## INTRODUCTION

This case was referred by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 7.) The underlying action involves an alleged copyright infringement brought by Plaintiff The Joint Sugar House ("Plaintiff") against Defendant I4 Solutions and its principals Brandon Anderson and Michael Rivera (collectively "Defendants"). (*See* ECF No. 2.) On March 28, 2016, Defendants filed a motion to disqualify Plaintiff's counsel of record. (ECF No. 11.) Defendants' motion is fully briefed and currently pending before this court.

## FACTUAL BACKGROUND

Defendants' counsel, Steven Rinehart ("Rinehart"), was employed by Kunzler Law Group, ("Kunzler") from 2007 through 2008. (ECF No. 11-1.)[1] While employed at Kunzler, Rinehart shared joint access to Kunzler's computer files and database, and was supervised by

---

[1] Kunzler was previously known as Kunzler & McKenzie, but changed its name to Kunzler Law Group when attorney David McKenzie left the firm (ECF No. 11-1, ¶3.)

attorneys Alan Edwards ("Edwards"), David McKenzie and Bruce Needham. (ECF. No. 11-1, ¶4.) During his time at Kunzler, Rinehart states that he and Edwards met with Defendants to discuss legal issues related to a contract dispute Defendants were having with an individual named Martin Braden and a trademark infringement matter involving the domain name <i4.com>. (ECF No. 11-1, ¶6.) Edwards, however, has no recollection of meeting with or representing Defendants, although he indicates it is possible that he " briefly consulted" with them. (ECF No. 15-6, ¶2.)[1] For purposes of this motion, however, the court will assume that Rinehart and Edwards met with Defendants regarding the Martin Braden contract issue and the <i4.com> domain name. Rinehart commenced litigation on behalf of Defendants regarding these matters while employed at Kunzler. (ECF No. 11-3, ECF No. 11-4.)

At some point, Rinehart and Edwards separately left Kunzler and neither are currently employed by or associated with the firm. Defendants have never been represented by any attorney who is currently associated with Kunzler. (ECF No. 15-1, ¶¶2-3; ECF No. 15-2, ¶¶2-3; ECF No. 15-3, ¶¶2-3; ECF No. 15-4, ¶¶2-3; ECF No. 15-5, ¶¶2-3, 7.)

On February 24, 2016, Defendants filed a motion for disqualification of Kunzler as Plaintiff's counsel. (ECF No. 11.) Defendants contend that Kunzler obtained confidential knowledge of their business practices "during its representation of Defendants in a similar trademark and contract matters [sic] including the contract underlying this dispute." (ECF No. 11, p. 3-4.)

---

[1] The affidavits submitted show a conflict regarding the level of interaction Edwards' had with Defendants. (*Cmpr.* ECF No. 11-1, ¶6 and ECF No. 11-2, ¶5 *with* ECF No. 15-6, ¶2.) It is not disputed that Rinehart met with Defendants, and was supervised by Edwards while employed at Kunzler (ECF No. 11-1, ¶4.)

**PARTIES' ARGUMENTS**

At its essence, Defendants seek Kunzler's disqualification based upon a theory that while employed at Kunzler, Rinehart and Edwards disclosed confidential information about Defendants to the attorneys currently employed at Kunzler thereby creating a conflict of interest surrounding Kunzler's current representation of Plaintiff. Defendants bolster their claim by asserting that Rinehart and Edwards advised Defendants on preparing the contract at issue in this case. (ECF No. 11-1, ¶8.)

Plaintiff rejects any need for disqualification pointing out that Rinehart and Edwards are no longer employed by Kunzler, and the attorneys currently at Kunzler have not acquired any information about Defendants that is material to the underlying action. (ECF No. 15-1, ¶4, ECF No. 15-2, ¶4, ECF 15-3, ¶4, ECF 15-4, ¶4, ECF 15-5, ¶4.) Plaintiff agrees its attorneys have access to the Kunzler file server, but after a reasonable investigation determined that the server does not include any information relating to Rinehart and Edwards' representation of Defendants that is relevant to this case. (ECF No. 15-7, ¶3.)

**ANALYSIS**

"All attorneys practicing before this court. . . are governed by and must comply with the rules of practice adopted by this court and with the Utah Rules of Professional Conduct, as revised and amended and interpreted by this court." DUCivR 83-1.1(g); *see SLC Limited v. Bradford Group West,* 999 F.2d 464, 466 (10th Cir. 1993). Defendants move for disqualification of Kunzler pursuant to Rules 1.7, 1.9 and 1.10 of the Utah Rules of Professional Conduct. (ECF No. 16.) As set forth herein, the court concludes that Kunzler's representation of Plaintiff does not violate the Rules of Professional Conduct and disqualification of Kunzler as Plaintiff's

counsel is not necessary.

### Kunzler is not disqualified under Rule 1.7 because there is no concurrent conflict of interest.

Defendants assert Kunzler must be disqualified under Utah Rule of Professional Conduct 1.7.  Rule 1.7 prohibits an attorney from providing representation to a client if the representation involves a "concurrent conflict of interest." *See* UT R RPC 1.7.   A concurrent conflict exists where:

> (a)(1) The representation of one client will be directly adverse to another client; or
> (a)(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.[2]

*Id.*[3]

Here, there is no concurrent conflict of interest between Plaintiff and Kunzler, and Kunzler's representation of Plaintiffs is not directly adverse to Defendants.  At most, Plaintiff alleges that Defendants were prior clients of Rinehart and Edwards while they were associated

---

[2] Comment [1] to Rule 1.7 indicates the analysis for determining if a conflict of interest exists based upon a lawyer's responsibility to a former client is found at Rule 1.9.

[3] Under the Rule, even if a concurrent conflict of interest is found, a lawyer is still not precluded from representing a client if:
> (b)(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (b)(2) the representation is not prohibited by law;
> (b)(3) the representation does not involve the assertion of a claim by one client against another represented by the same lawyer in the same litigation or other proceeding before a tribunal; and
> (b)(4) each affect client gives informed, written consent

*Id.*

with Kunzler. However, neither Rinehart nor Edwards are currently associated with Kunzler and Defendants are not clients of any attorney currently employed at Kunzler. Further, there is no indication that Kunzler's representation of Plaintiff would be limited through its responsibilities to another client. Plaintiff directs the court to *Margulies by Margulies v. Upchurch,* for the proposition that even "the appearance of professional impropriety" supports disqualification. 696 P.2d 1195, 1204 (Utah 1985). *Margulies*, however, addresses professional impropriety in the context of an attorney who is representing a litigant in one case while simultaneously suing that same litigant, for another client, in a separate action. *Id.* at 1204 ("Litigants are highly unlikely to be able to maintain this confidence if their attorney in one matter is allowed simultaneously to sue them in another").[4] Such is not the case here as there is no claim that Kunzler is simultaneously representing two adverse clients, and Plaintiff's current attorneys have never represented Defendants.

**Kunzler is not disqualified under Rules 1.9 because the matters are not substantially related and protected information was not acquired.**

In general, Rule 1.9 prohibits an attorney's representation of a client in a matter substantially related and adverse to the interests of a former client. UT R RPC 1.9. Specifically, Rule 1.9 prohibits a lawyer:

> (a) who has formerly represented a client from representing another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client . . .;

---

[4] As currently stated, Utah's Rules of Professional Conduct do not include the "appearance of impropriety" language cited by Plaintiff. Rather, Plaintiff's reference to the "appearance of impropriety" is based upon Canon 9 of the former Utah Code of Professional Responsibility as interpreted by the Utah Supreme Court in *Margulies. See Margulies*, 669 P.2d at 1195.

(b) from knowingly representing a person in the same or substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client whose interests are materially adverse; and about whom the lawyer had acquired information protected by Rules 1.6[5] and 1.9(c) that is material to the matter; and

(c) who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not use information relating to the representation to the disadvantage of the former client or reveal information relating to the representation.

*See* UT R RPC 1.9.

Upon review, the court finds the provisions of 1.9 do not apply to the facts at hand. Subsection (a) applies to a lawyer who has formerly represented a client. Here, there is no allegation that a lawyer currently associated with Kunzler previously represented Defendants. (*See* ECF No. 15-1, ECF No. 15-2, ECF No. 15-3, ECF No. 15-4, ECF No. 15-5, ECF No. 15-6, ECF No.15-7.)

Subsection (b) addresses situations in which a lawyer's former firm previously represented a client and is not relevant here since there is no allegation that any lawyer currently associated with Kunzler previously represented Defendants. Even assuming Rinehart and Edwards' prior involvement with Defendants fell under this provision, the Rule only applies to representation in the "same or substantially related matters" and where the lawyer formerly associated with the client acquired protected information under Rule 1.6 and 1.9(c). Although Defendants claim Rinehart and Edwards helped draft portions of the contract at issue in this

---

[5]Rule 1.6 addresses confidentiality of information and "governs the disclosure by a lawyer of information relating to the representation of a client during the lawyer's representation of the client." UT R RPC 1.6, Comment [1].

case,[6] the causes of action set forth in Plaintiff's complaint assert claims for copyright infringement and not contract violations.[5] (ECF No. 2.) Further, other than asserting that Rinehart and Edwards participated in advising or drafting these seemingly standard contract provisions, there is no indication that Kunzler gleaned confidential factual information about Defendants which is being used to prejudice Defendants and "materially advance [Plaintiff's] position in the subsequent matter." *Cole v. Salt Creek, Inc.,* 2009 U.S. Dist. LEXIS 41792 *8 (*quoting* Comment [3] to UT R RPC 1.9). There is no indication that drafting the contract provisions would have involved more than a general knowledge of Defendants' policies and practices or that Kunzler somehow obtained specific facts that are being used to disadvantage Defendants in the present dispute. *See* UT R RPC 1.9, Comment [3]. To the contrary, Kunzler has filed affidavits indicating it does not in possess any information stemming from Rinehart and Edwards' prior representation of Defendants that is material to the underlying matter. (ECF No. 15-1, ECF No. 15-2, ECF No. 15-3, ECF No. 15-4, ECF No. 15-5, ECF No. 15-6, ECF No.15-7.)

**No conflict is imputed to the firm in violation of Rule 1.10.**

Rule 1.10 sets forth the general rule for imputing disqualification to a firm providing "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when

---

[6] It is unclear specifically what portions of the underlying contract Defendants claim that Rinehart and Edwards drafted while employed at Kunzler. In their initial motion Defendants assert that Rinehart and Edwards "advised" them on "preparing" the "attorney fee-shifting provision and copyright assignment clauses" in the contract. (ECF No. 11, p. 5.) In their reply Defendants expand the scope of Rinehart and Edwards' representation to include drafting of the contract's "LICENE [sic] GRANT BY CLIENT" and "RELEASE" provisions. (ECF No. 16, p. 4.)

[5] Defendants raise provisions of the contract in their motion to dismiss and attach a copy of the contract to the motion. (ECF No. 12.)

any one of them practicing alone would be prohibited from doing so. . .".  UT R RPC 1.10.  As discussed, no lawyer currently associated with Kunzler has a conflict of interest under the Rules and therefore no conflict exists that may be imputed to Kunzler.  Rinehart and Edwards are no longer associated with Kunzler and no lawyer employed at Kunzler has protected information relevant to the underlying matter.  Notably, under these circumstances, Subsection (b) actually provides that Kunzler is *not* prohibited from representing Plaintiff.  *See* UT R RPC 1.10(b) ("When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interest materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm" unless the matter is the same or protected information is shared.).

### **Even assuming Kunzler has protected information, disqualification is not required**

Finally, even assuming a violation under the Rules of Professional Conduct, disqualification is not mandated.  Rather,

> [a] finding that a violation has occurred does not necessarily end the inquiry.  The sanction for disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial.  The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit.

*Poly Software Intl. Inc. v. Su,* 880 F. Supp 1487, 1495 (D. Utah 1995).

Here, the impact of any potential prejudice or conflict is mitigated by numerous factors including the fact that no attorneys currently employed at Kunzler ever represented Defendants, none of the Kunzler attorneys have acquired or have access to protected information relating Rinehart and Edwards' prior representation of Defendants and the matters at issue in this case are not the same or substantially related to the Rinehart and Edwards' prior representation of

8

Defendants.

## **ORDER**

Accordingly, for the reasons set forth herein, Defendants' motion to disqualify Kunzler Law Group as Plaintiff's counsel of record is hereby DENIED. (ECF No. 11.)

DATED this 3rd  day of May, 2015.

_____
Dustin Pead
U.S. Magistrate Judge